Frank Fleming, complainant,

*v.*

Motion Picture Operators of Essex County, New Jersey, Local No. 244, &c., defendants.

[Decided July 16th, 1937.]

*Messrs. McCarter & English,* for the complainant.

*Mr. Andrew B. Crummy,* for the defendants.

Berry, V. C.

The bill seeks to compel the defendant union to restore complainant to membership therein. The matter is before the court on the return of an order to show cause why a temporary injunction should not issue requiring the reinstatement of complainant in the union and in his former job pending final hearing.

The essential facts seem not to be in dispute. Complainant was expelled from the union on December 31st, 1936, for

non-payment of dues. Since his expulsion he has tendered the arrearages to the treasurer and applied for reinstatement. The tender was refused on the ground that complainant was no longer a member; that he had not been suspended but expelled and that he would have to make application for election to membership and be balloted upon the same as any new applicant.

Complainant alleges that the most severe disciplinary action which the local union had power to take against him for non-payment of dues was to suspend him with the right to be reinstated upon payment within six months, without being balloted upon. The relative rights of the parties depend entirely upon the provisions of the constitution and by-laws of the local union and of the International Alliance of Theatrical Stage Employes and Motion Picture Machine Operators of the United States and Canada, with which the defendant local is affiliated.

It is provided in section 12 of article 20 of the constitution of the International Alliance that "members may be expelled without trial by local unions for non-payment of dues and other financial obligations."

Section 16 of the same article provides, *inter alia:*

"Members who have been expelled from this alliance may be reinstated only upon application for admission as new members in the maner set forth in Section 2 of this Article; * * *."

The action taken against complainant came at a time when he was almost two years in arrears. It would seem that perhaps the formal action taken was unnecessary, for section 8 of article XIV of the constitution of the defendant local, provides, *inter alia:*

"Any member allowing himself to remain in arrears for one year shall be automatically expelled and dropped from the rolls as a member of the local and must make application as a new member and be submitted to all laws governing same."

Complainant also charges the defendant with having wrongfully caused him to lose the employment which he

enjoyed prior to his expulsion, but this is categorically denied in the affidavit submitted in behalf of the defendant.

In this posture of the proofs, complainant clearly is not entitled to an injunction *pendente lite* and accordingly the order to show cause will be discharged.